IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01271-WJM-KMT

JERRY R. SMITH,

    Plaintiff,

v.

MASTER LOCK COMPANY, LLC,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Plaintiff Jerry R. Smith ("Plaintiff"), through his counsel, McConnell Fleischner Houghtaling, LLC, and Defendant Master Lock Company, LLC ("Defendant"), through its counsel, Wheeler Trigg O'Donnell LLP, hereby stipulate and agree as follows, and the Court, having been fully advised, hereby orders as follows:

1. This Protective Order shall apply to all information, documents, and tangible things subject to discovery in this action that are in the possession, custody, or control of any party, non-party witness, or third-party producing documents and/or agreeing to be subject to this Order by executing the Order and/or Exhibit A hereto, and that are believed to contain or embody a party's or third-party's proprietary or confidential information.  By way of example and not limitation, such information may include, or be included in, documents, tangible things, transcripts, answers to interrogatories and other responses to discovery requests, deposition or trial or court testimony, pleadings, briefs, summaries, notes, abstracts, motions, drawings, and any

instrument comprising, embodying, or summarizing matters that any party or non-party considers confidential and/or proprietary.

2. As used herein, "Confidential Information" means any proprietary or other confidential information of the designating party or a third-party, regardless of form, including but not limited to, research, development, commercial, or business information that counsel of record for the designating party reasonably and in good faith believes contains or reflects proprietary or confidential information.  The Confidential Information designation extends to both the material and substance of the information so designated, and to compilations or similar documents containing or compiled from said information.

3. As used herein, "Highly Confidential Information" means information that the designating party or non-party believes contains highly sensitive business and financial information and technical information that provides the designating party a competitive advantage, and such designation is not for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.  By way of example and not limitation, information marked HIGHLY CONFIDENTIAL may include strategic plans, annual forecasts, costing information, profit and loss statements, profit margins, business plans, competitive strategy, merger and acquisition strategies, and technical or engineering information relating to any products.

4. Confidential or Highly Confidential Information does not include information that was in the public domain before disclosure to the non-designating party,

or that becomes part of the public domain after disclosure to the non-designating party through no action or fault of the non-designating party.

5. The parties shall endeavor in good faith to limit the designation of Confidential or Highly Confidential Information to information genuinely warranting the protections provided by the terms of this Protective Order.

6. All Confidential or Highly Confidential Information produced in the above-captioned case (the "Action") shall be used solely for the purposes of preparing for and conducting pre-trial, trial, and post-trial proceedings in this litigation, and not for any other purpose; provided, however, that the designating party or non-party may use its own Confidential or Highly Confidential Information for any purpose.

7. The Parties have a dispute about whether any documents or tangible things produced by either party in the Action, whether or not designated Confidential or Highly Confidential, can be used to assert claims against one another in a subsequent lawsuit. Rather than litigating that dispute now, the Parties agree that each party preserves its position on the issue and the Parties agree to litigate the issue in this case at a later date if necessary. In the meantime and pending resolution of that dispute before this Court, the Parties agree to limit the use of documents produced in this lawsuit to this lawsuit and for no other purpose. However, the Parties are not waiving any of the alternative arguments addressed in this paragraph 7 or the right to litigate this issue before this Court at a later date.

8. The parties to this case are bound by this Protective Order. Any other individual or entity that intends to produce documents and seeks to have those

documents governed by this Protective Order shall execute <u>Exhibit A</u> hereto and then may designate information as "Confidential" or "Highly Confidential."

9.  Under the terms of this Protective Order, the parties and anyone or any entity executing <u>Exhibit A</u> may designate information as "Confidential" or "Highly Confidential" in the following manner:

(a)  With respect to documents, by stamping the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" clearly and conspicuously on the face of each page containing Confidential or Highly Confidential Information.  In lieu of marking the original documents, the designating party or non-party may mark the copies that are produced or exchanged.

(b)  With respect to Electronically Stored Information ("ESI") that is produced in a native format, by designating it as "Confidential" or "Highly Confidential" in a written communication provided to the non-producing party contemporaneously with the production of the ESI.

(c)  With respect to testimony that is not transcribed, by designating it as "Confidential" or "Highly Confidential" in a written communication provided to the non-producing party no later than ten (10) business days after the testimony is given.

(d)  With respect to testimony being transcribed, by designating it as "Confidential" or "Highly Confidential" at the time the testimony is given or within ten (10) business days following the date the testimony is transcribed.  All transcripts produced thereafter shall then be marked in accordance with Paragraph 9(e) herein.

(e)  With respect to depositions, only persons authorized to receive the

Confidential or Highly Confidential Information, as described in Paragraphs 10-11 herein, may attend the portions of the depositions containing or otherwise designated as Confidential or Highly Confidential.  Counsel of a deponent may designate testimony as Confidential or Highly Confidential Information during the course of any deposition, in accordance with Paragraph 9(d) herein.  Such designation may be made in response to a question, prior to any responsive testimony being given.  If such a designation is made, any person not authorized to receive such Confidential or Highly Confidential Information shall be excluded from the deposition until testimony regarding such Confidential or Highly Confidential Information has been concluded.  The portions of the deposition transcript containing or otherwise designated as Confidential or Highly Confidential Information shall be bound separately with a cover bearing the legend, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and shall not be shown, provided, or otherwise made accessible to any person not authorized pursuant to Paragraphs 10-11 below, without prior order of the Court.  The restrictions of this Paragraph also apply to videotaped depositions, the videocassettes, discs, or other video containers of which shall be labeled in accordance with the provisions of this Paragraph.  If any party objects to the designation of deposition testimony as Confidential or Highly Confidential Information, the objection may be noted for the record, but persons not authorized to receive Confidential or Highly Confidential Information shall nevertheless be excluded from deposition until testimony regarding Confidential or Highly Confidential Information has been concluded.

10. Information designated as "Confidential" shall not be disclosed to any person or entity other than:

(a) The parties to this Action, and their officers, directors, and employees, to the extent necessary to allow them to assist in the preparation or conduct of pre-trial, trial, and post-trial proceedings in this Action;

(b) Corporate (in-house) counsel and counsel of record for each party actively engaged in this litigation, and the personnel who are directly employed or retained by such counsel for the purpose of assisting with, or working on, this Action;

(c) Any original author, recipient, or other person with prior knowledge and/or possession of the information;

(d) Consultants, investigators, or experts (collectively, "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the Action;

(e) Non-party deponents, witnesses, or potential witnesses (collectively, "Witnesses") as long as the Witnesses have executed <u>Exhibit A</u> hereto and to the extent counsel has made a reasonable and good faith determination that: (a) such persons will be witnesses in this case; and (b) that the witnesses' examination of the Confidential Information is necessary in connection with such testimony;

(f) Any court reporter engaged in connection with this matter (or any of the court reporter's staff or employees);

(g) Outside copying and document management vendors employed by the parties or counsel for the parties to assist in the preparation and trial of the Action;

and

    (h) Court personnel.

  11. Information designated as "Highly Confidential" shall be subject to the same restrictions as Confidential Information, *except that* Highly Confidential Information may be disclosed <u>only</u> to those persons identified in subparagraphs (b)-(h) of Paragraph 10 of this Protective Order.  Parties or their employees, however, may be shown documents marked "HIGHLY CONFIDENTIAL" during trial in this Action.

  12. Before disclosing any Confidential or Highly Confidential Information to any person listed above (other than counsel and their employees, court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgement of Stipulated Protective Order attached hereto as <u>Exhibit A</u>, which states that he/she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

  13. A party may object to the designation of particular Confidential or Highly Confidential Information by giving written notice to the party or non-party designating the disputed information.  The written notice shall identify the information to which the objection is made and clearly state the basis for the objection.  If the parties are unable to resolve the objection, it shall be the responsibility of the party or non-party challenging the designation of the disputed information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject

to the terms of this Protective Order.  If such motion is made by the challenging party, the disputed information shall be treated as Confidential or Highly Confidential Information under the terms of this Protective Order until the Court rules on the motion.

14. If a party disputes the designation of any information as "Confidential" or "Highly Confidential," the disputing party shall promptly notify the other party in writing. Each party agrees to first attempt to resolve the dispute by redacting portions of the document so designated in order for the information to be produced without designation as "Confidential" or "Highly Confidential," or to otherwise take mutually agreeable steps to resolve any dispute.

15. Any pleadings, exhibits, or filings containing Confidential or Highly Confidential Information shall be filed with the Court in accordance with D.C.COLO.LCivR 7.2 and the Electronic Case Filing Procedures for the District of Colorado.  If it is necessary for any party to file or submit to the Court any material designated as Confidential or Highly Confidential Information pursuant to this Protective Order, including any documents, pleadings, motions, transcripts, or other filings containing or otherwise disclosing any Confidential or Highly Confidential Information, such material shall be filed with and kept by the Clerk of the Court pursuant to Local Rule 7.2.  It is intended that all material designated as Confidential or Highly Confidential Information so filed with the Court shall be maintained separate from the public records in the action, and shall be released only upon further order of the Court. Material designated as Confidential or Highly Confidential Information that is filed or

submitted to the Court shall continue to be treated as confidential or highly confidential under this Protective Order, notwithstanding such filing or submission.

16.     Before any Confidential or Highly Confidential Information is offered in evidence at trial or any court hearing, the proponent of the evidence shall provide opposing counsel ten (10) days' notice (if more than 10 days before trial/hearing) or as much advance notice as is reasonably possible (if less than 10 days prior to trial/hearing), and will attempt to resolve any dispute with opposing counsel.  If those attempts are unsuccessful, the proponent of the evidence shall request that the Court take such steps as may be appropriate under the circumstances to protect the confidentiality of the information contained therein.  The party opposing such use may also seek protection from the Court.

17.     Any party or third-party, through its counsel, may remove the confidentiality designation from any Confidential or Highly Confidential Information previously produced by that party or that producing third-party by identifying the Confidential or Highly Confidential Information in writing to opposing counsel and describing the change in designation.

18.     As provided under Federal Rule of Evidence 502, the inadvertent production of any information protected from discovery by the attorney-client privilege, the work-product doctrine, or other applicable privilege or immunity shall not constitute a waiver of the privilege or protection, either as to the produced information or any other information, or otherwise affect the right to withhold such information from production as privileged or otherwise protected from discovery.  Any party or third-party, through its

counsel, may request the return and/or destruction of any information previously produced if the requesting party believes in good faith that such information is protected by the attorney-client privilege and/or work-product doctrine, and was inadvertently produced. The request to recall the information shall be made by notifying opposing counsel in writing within ten (10) business days of discovering the information was inadvertently produced, and shall identify the information as (1) protected by the "attorney-client privilege" and/or "work-product doctrine" and (2) "inadvertently produced." Within ten (10) business days of receipt of the notice, or within such time as the parties otherwise agree, opposing counsel shall return or certify the destruction of the original and all copies of the information, along with any compilations thereof. Counsel shall attempt in good faith to resolve any dispute regarding the privileged nature of any information designated for recall. Should the parties be unable to agree on whether to recall the information, the party requesting the recall has the burden of seeking relief from the Court. Until the Court rules on the dispute, the party opposing the recall shall fully protect the information, and shall not disclose, review, or use the information in any way, except as necessary to respond to the requested recall. The unintentional production of Confidential Material by a producing party (regardless of whether the information was so designated at the time of disclosure) shall not be deemed a waiver in whole or part of a party's claim of confidentiality, either as to the specific information disclosed or any other related information.

19.   This Protective Order shall continue to be binding on the parties and any individual or entity who executes <u>Exhibit A</u> throughout and after the conclusion of any

proceedings in this case, including any trial and any appeal thereof.  Upon final termination of this Action, whether by judgment, settlement, or otherwise, each recipient of Confidential or Highly Confidential Information shall return all such information to the producing party or non-party, or certify the destruction of such information within 14 days of the termination of the Action.  All briefs, pleadings, or other filings with the Court, or attorney-work product that incorporates or discloses Confidential or Highly Confidential Information, may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Protective Order.

20.     The terms of this Protective Order may be modified only by written agreement of counsel for the parties—with an approval pursuant to further order of the Court—or by order of the Court.

IT IS SO ORDERED.

Dated this 12th day of April, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

By: *s/ James M. Miletich*
   James M. Miletich
   McConnell Fleischner Houghtaling, LLC
   4700 South Syracuse Street, Suite 200
   Denver, CO  80237
   Telephone No.:  (303) 480-0400
   Facsimile No.:  (303) 458-9520
   Email:  jmiletich@mfhlegal.com

   *Attorney for Plaintiff,*
   *Jerry R. Smith*

By: *s/ Matthew E. Johnson*
   Matthew E. Johnson
   Wheeler Trigg O'Donnell LLP
   370 17th Street, Suite 4500
   Denver, CO  80202-5647
   Telephone No.:  (303) 244-1800
   Facsimile No.:  (303) 244-1879
   E-mail:  johnson@wtotrial.com

   *Attorney for Defendant,*
   *Master Lock Company, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01271-WJM-KMT

JERRY R. SMITH,

      Plaintiff,

v.

MASTER LOCK COMPANY, LLC,

      Defendant.

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

     I, _____, state the following:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____

_____.

    4.    I have received a copy of the Stipulated Protective Order ("Order") in the case captioned *Smith v. Master Lock Company, LLC*, Civil Action No. 15-cv-01271-WJM-KMT (D. Colo.).

    5.    I have carefully read and understand the provisions of the Order. I will comply with all of the provisions therein, including without limitation, holding information disclosed to me in confidence and not disclosing it to anyone not so qualified under the Order, and designating any documents I produce as "Confidential" or "Highly Confidential" pursuant to this Order.

    6.    I further agree that any documents, materials or information furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person or entity and will be immediately returned to the person who furnished such documents, materials or information to me upon completion of the task for which the information is disclosed.

7. I hereby consent to be subject to personal jurisdiction in the United States District Court for the District of Colorado with respect to any proceeding relative to the enforcement of the Order.

_____
Signature

_____
Date